**UNITED STATES of America,**
**Appellee,**

v.

**Gerald A. GUIDARELLI, a/k/a Gerardo A. Quindarelli, Defendant-Appellant.**

**No. 340, Docket 28038.**

United States Court of Appeals
Second Circuit.

Argued April 30, 1963.

Decided June 4, 1963.

---

524

Louis Lombardi, Schenectady, N. Y., for defendant-appellant.

Dante M. Scaccia, Asst. U. S. Atty., N. D. N. Y., Syracuse, N. Y. (Justin J. Mahoney, U. S. Atty., N. D. N. Y., Albany, N. Y., Louis F. Oberdorfer, Asst. Atty. Gen., and Lee A. Jackson, Joseph M. Howard, and Norman Sepenuk, Attys., Dept. of Justice, Washington, D. C., on the brief), for appellee.

Before CLARK, SMITH, and HAYS, Circuit Judges.

CLARK, Circuit Judge.

Defendant was convicted of willfully attempting to evade and defeat his income taxes for the years 1956 and 1957 by filing false and fraudulent returns, in violation of I.R.C.1954, § 7201. During the prosecution years he claimed as his only source of income the newsstand and gift shop which he operated, known as "Lee's News." Using the net worth method of proof, the prosecution introduced evidence of cash on hand, various automobiles of which the purchase price was attributable to the defendant, legal fees, life insurance premiums, and miscellaneous personal living expenses—all of which tended to show funds at his disposal indicating that a substantial tax was due and owing from him for the years involved. The government contended that the indicated deficiencies in the income reported arose from gambling and bookmaking activities—a taxable source of income—and pointed to defendant's failure to keep books, his excessive use of currency, and the concealment of assets by placing several of the automobiles purchased by defendant in the name of relatives as proof of the necessary element of willfullness. The primary theory of defense below was that the net worth increases which the government had shown were due to the receipt of cash loans from defendant's parents.

■ On appeal the defendant argues that the district court erred in permitting Special Agent O'Sullivan to testify regarding statements made to him by defendant's wife. Defendant contends that admission of this testimony was in violation of spousal privilege. While we agree that the testimony in question presents some interesting questions as to the application of both the spousal privilege rule and the hearsay rule, we need not concern ourselves with them here. For Judge Brennan had second thoughts about this aspect of Special Agent O'Sullivan's testimony and, on his own motion, ordered the items in the net worth account based upon the wife's statements stricken from the record. Defendant now seems to claim that Judge Brennan failed to strike all the items on which the wife's statements had bearing. But the effect on the net worth statement of striking the testimony was determined by a stipulation to which the defense counsel agreed; and he then made no claim that other items should also have been stricken. Thus he has no ground to challenge the failure to include such other items in the exclusion.

■ Defendant also complains of the use in evidence of his arrests for bookmaking in 1955 and 1958, his conviction for those offenses, and the payment by

him in 1955 of a $1,000 fine. The government may have made generous use of defendant's vulnerability from his gambling activities, but this was part of the story and the case. Any prejudice here was dispelled by Judge Brennan's instructions to the jury.

 While we believe the prosecutor did overstep the bounds in summation—calling defendant a leech and accusing him of ruining a young law student relative's career by having the boy hold cash for him—we do not feel that these comments were sufficiently prejudicial to warrant reversal.

Affirmed.